**WO**                                                                                    RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Lacy, | No. CV 05-2944-PHX-SMM (VAM) |
| Petitioner, | **ORDER** |
| vs. | |
| Darla Elliott, et al., | |
| Respondents. | |

Terry Lee Lacy (Petitioner), presently confined in the Arizona State Prison Complex in Kingman, Arizona (ASPC-Kingman), filed with the Clerk of the Court on September 26, 2005 a pro se "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition). Petitioner has not paid the five dollar ($5.00) filing fee, but he has filed a certified "Application To Proceed In Forma Pauperis By A Prisoner (Habeas)" with the Petition, which will be granted.

**PETITION**

Named as Respondent in the Petition is Darla Elliott, Warden. (Petition at 1). The Attorney General of the State of Arizona is also named as an Additional Respondent. Id.

In his Petition, Petitioner challenges his January 9, 2004 judgment of conviction for Burglary in the Second Degree entered in the Maricopa County Superior Court in matter 2003-011737-001DT. Id.

**TERMPSREF**                              - 1 -

Petitioner presents four (4) grounds in his Petition in support of his request for habeas relief in which he alleges his constitutional rights were violated:

I. "6th, 8th, and 14th Amendments: Right To Effective Assistance Of Counsel (Evan v. Lewis, Strickland v. Washington)," (Petition at 5);

II. "6th, 8th, and 14th Amendments Ineffective Assistance of Counsel (Evans v. Lewis) (Strickland v. Washington)," (Petition at 6);

III. "6th, 8th, and 14th Amendments Right To Effective Assistance of Counsel & Cruel and Unusual Punishment," (Petition at 7);

IV. "6th, 8th, and 14th Amendments "Due process Protection Clause," (Petition at 8).

Petitioner appears to allege that the issues raised in all of his grounds were presented to the Arizona Court of Appeals.  (Petition at 2, 5-8).

A review of the Petition indicates that an answer is required.  28 U.S.C. § 2254(a).[1]

### RULE 41(b) WARNING

Petitioner should take notice that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the Petition and action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED:**

(1) That Petitioner's "Application To Proceed In Forma Pauperis By A Prisoner (Habeas)" filed with the Petition is GRANTED;

(2) That a copy of the "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 (Non-Death Penalty)" (Doc. No. 1) (Petition) and this Order

---

[1]It is unclear from the face of the Petition whether or not Petitioner's first state post-conviction proceeding is still pending before the Sentencing Judge.  See (Petition at 2).  In the absence of the complete state court record, the Court will call for an answer to the Petition. However, in so doing, the Court is specifically not ruling at this time on whether or not Petitioner has fully exhausted his state court remedies.

TERMPSREF                                 - 2 -

be SERVED by the Clerk of the Court upon the Respondent and the Additional Respondent by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

(3)  That Respondents ANSWER the Petition within forty (40) days of the date of service. Respondents shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005).  If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases;

(4)  That Petitioner MAY FILE a reply within thirty (30) days from the date of service of the answer;

(5)  That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4 of the Local Rules of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Petitioner**;

(6)  That Petitioner SHALL SERVE upon Respondents, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondents or the counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

**TERMPSREF**                                - 3 -

1    (7) That at all times during the pendency of this action, Petitioner SHALL

2    IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address

3    and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF

4    ADDRESS."  The notice shall contain only information pertaining to the change of address

5    and its effective date, except that if Petitioner has been released from custody, the notice

6    should so indicate.  The notice shall not include any motions for any other relief.  Petitioner

7    shall serve a copy of the notice on all opposing parties.  Failure to file a NOTICE OF

8    CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

9    pursuant to Federal Rule of Civil Procedure 41(b);

10    (8) That this matter is referred to Magistrate Judge Virginia A. Mathis pursuant to

11    LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation.

12

13           DATED this 21st day of October, 2005.

14

15

16

                                        Stephen M. McNamee
17                                      Chief United States District Judge

18

19

20

21

22

23

24

25

26

27

28
**TERMPSREF**                    - 4 -

_____
Name

_____
Prison Number

_____
Place of Confinement


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


_____, )
Full Name                          )
                                   )
                                   )
                    Petitioner,    )
                                   )    _____
            vs.                    )    Case Number (To be supplied by
                                   )    by the Clerk, U.S. District
_____, )    Court)
(Name of Warden, Superintendent,   )
Jailor, or authorized person       )    PETITION FOR WRIT OF HABEAS
having custody of petitioner.)     )    CORPUS BY A PERSON IN FEDERAL
                                   )    CUSTODY (28 U.S.C. § 2241)
                                   )    (Do not use this form if you
                                   )    are challenging a state or
                    Respondent.    )    federal judgment or conviction
                                   )    and sentence)
_____  )


_____
**PETITION.2241 (Revised 9/1/91)**

1

**530**

INSTRUCTIONS - READ CAREFULLY

(1)   This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.   Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.   All questions must be answered concisely in the proper space on the form.   Where more room is needed to answer any question, attach additional pages.

(2)   Additional pages are <u>not</u> permitted except with respect to the <u>facts</u>   which you rely upon to support your grounds for relief.   No citation of authorities need be furnished.   If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)   Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

(4)   If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the Declaration on the last two (2) pages, setting forth information establishing your inability to prepay the fees and costs or give security therefor.   If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the Certificate as to the amount of money and securities on deposit to your credit in any account at the institution.   If your prison account exceeds $25.00 you must pay the filing fee as required by the Rules of the District Court.

(5)   Only one unlawful confinement, time credit loss, or parole matter, etc., may be challenged in a single petition.   If you challenge more than one, you should do so by separate petitions.

(6)   Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition.

(7)   When the petition is fully completed, <u>the original and two (2) copies</u> must be mailed to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

(8)   Petitions that do not conform to these instructions will be returned with a notation as to the deficiency.

2

PETITION

1.   Name and location of court that entered the judgment of conviction: _____

2.   Date of judgment of conviction:_____
     Case Number:_____

3.   Length of sentence:_____ Sentencing Judge:_____

4.   Nature of offence(s) of which you were convicted:_____
     _____
     _____
     _____
     _____

5.   Did you appeal from the judgment of conviction?  Yes( )   No( )

6.   If you did appeal, give the following information for each appeal:
     a.   (1)  Name of court_____
          (2)  Result_____
          (3)  Date of result_____
          (4)  Citation or number of opinion_____
          (5)  Grounds raised (list each)
               (a) _____
               (b) _____
               (c) _____
               (d) _____

     b.   (1)  Name of court_____
          (2)  Result_____
          (3)  Date of result_____
          (4)  Citation or number of opinion_____
          (5)  Grounds raised (list each)
               (a) _____
               (b) _____
               (c) _____
               (d) _____

7.   State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: In order to proceed in the federal court you must ordinarily first exhaust your administrative remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted administrative remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you may have other than those listed if you have exhausted all your administrative remedies with respect to them. However, <u>you should raise in this petition all available grounds</u>.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds that you choose. <u>Do not check any of the grounds listed below</u>. The petition will be returned to you if you merely check (a) through (m), or any one of these grounds:

(a)   Conditions of confinement violate a constitutional right.

(b)   Prison regulations, on their face or as enforced, are violative of the Constitution or other federal law.

(c)   Prison transfer has been threatened, carried out, or denied in violation of federal constitutional or statutory law.

(d)   Confinement is at a place forbidden by statutory law.

(e)   Convicted person's prisoner classification violates federal constitutional or other law.

(f)   Good time credit has been ended or forfeited in violation of federal constitutional or statutory law.

(g)   Credit for time spent in jail prior to sentencing or pending appeal has been denied in violation of federal constitutional or other law.

(h)   Prison officials have refused to release the convicted person, even though he has served his sentence or is entitled to mandatory release.

(i)   Parole was denied, postponed, rescinded, or revoked in violation of federal constitutional or other law.

(j)   A parole violation warrant was issued or executed in violation of federal constitutional or other law.

(k)   There has been an unlawful refusal to terminate parole.

(l)   Convicted person is suffering adverse effects from a federal or state detainer lodged against him in violation of federal constitutional or other law.

(m)   Custody is otherwise subject to collateral attack by reason of the conduct of prison or parole authorities.

A.   Ground One: _____
_____
_____

Supporting FACTS (tell your story briefly without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

A-1. Did you exhaust all administrative remedies relating to Ground
     One?     Yes ( )   No ( )

A-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

A-3. If the answer to A-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____

B.   Ground Two: _____
_____
_____

Supporting FACTS (tell your story briefly without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

B-1. Did you exhaust all administrative remedies relating to Ground
     Two?     Yes ( )   No ( )

B-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

B-3. If the answer to B-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____

C.   Ground Three: _____
_____

Supporting FACTS (tell your story _briefly_ without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

C-1. Did you exhaust all administrative remedies relating to Ground
     Three? Yes ( )   No ( )

C-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

C-3. If the answer to C-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____

6

D.   Ground Four: _____
_____
_____

Supporting FACTS (tell your story _briefly_ without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D-1. Did you exhaust all administrative remedies relating to Ground
     Four? Yes ( )   No ( )

D-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____


D-3. If the answer to D-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____


8.   Have you filed previous petitions for habeas corpus, motions
     under Section 2255 of Title 28, United States Code, or any other
     applications, petitions or motions with respect to this
     conviction? Yes ( )   No ( )

9.   If your answer to Question No. 10 was yes, give the following
     information:
     (a)  Name of Court_____
     (b)  Nature of proceeding_____
     (c)  Grounds raised_____
          _____
          _____
     (d)  Result_____
     (e)  Date of result_____
     (f)  Citation or number of any written opinions or orders entered
          pursuant to each disposition_____
          _____

10. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____
_____
_____
_____
_____
_____
_____
_____
_____

11. Are you presently represented by counsel?  Yes ( )   No ( )
    If so, name, address, and telephone number:_____
    _____
    Case name and court_____
    _____

12. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?   Yes ( )   No ( )

    WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
              (date)                      Signature of Petitioner


_____
Signature of Attorney (if any)