IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Lacy,              )<br>                              )<br>          Petitioner,         )<br>                              )<br>     v.                       )<br>                              )<br>Darla Elliott, et al.,        )<br>                              )<br>          Respondents.        ) | CV 05-2944 PHX SMM (VAM)<br><br>REPORT AND RECOMMENDATION |

TO THE HONORABLE STEPHEN M. MCNAMEE, CHIEF UNITED STATES DISTRICT JUDGE.

　　　Pending before the Court are petitioner's "Petition for 'Extension of Time to Submit Proper Legal Documents to the Arizona Supreme Court,'" (Doc. 10), and "MOTION FOR INJUNCTION."  (Doc. 11).

　　　In both motions, petitioner raises essentially the same claim.  In his "Petition for 'Extension of Time to Submit Proper Legal Documents to the Arizona Supreme Court" (Doc. 10), he asserts his right of access to the courts and right to due process have been violated because prison officials have not responded in a timely way to his requests that he be allowed to make photocopies of certain unidentified "legal documents" for submission to the Arizona Supreme Court.  Similarly, in his "Motion for Injunction" petitioner asserts various prison officials have denied his right of access to the courts by

1   "placing [him] in delay status to access the Courts by either
2   delaying or obstructing and keeping [him] from achieving
3   photocopies on time, and from doing legal research."  (Doc. 11 at
4   p. 1).

5   To the extent petitioner asserts he is being denied his
6   rights to due process of law and of access to the courts, his
7   claims are not cognizable in a federal habeas proceeding.
8   Petitioner may only raise claims challenging the validity of his
9   conviction and/or sentence in a federal habeas petition.  See 28
10  U.S.C. § 2254(a).  If he believes prison officials are violating
11  his rights to due process of law and of access to the courts,
12  petitioner must raise such claims in a civil rights action
13  pursuant to 42 U.S.C. § 1983.  For all these reasons, the motion
14  is without merit.

15  **IT IS THEREFORE RECOMMENDED** that petitioner's "PETITION FOR
16  'EXTENSION OF TIME TO SUBMIT PROPER LEGAL DOCUMENTS TO THE ARIZONA
17  SUPREME COURT' (Doc. 10) and "MOTION FOR INJUNCTION" (Doc. 11) be
18  denied.

19  This recommendation is not an order that is immediately
20  appealable to the Ninth Circuit Court of Appeals.  Any notice of
21  appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate
22  Procedure, should not be filed until entry of the district court's
23  order and judgment.  The parties shall have ten (10) days from the
24  date of service of this recommendation within which to file
25  specific written objections with the Court.  Thereafter, the
26  parties have ten (10) days within which to file a response to the
27  objections. Failure to timely file objections to any factual

                                    2

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in and order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 31st day of January, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

3