```
 1
 2
 3
 4
 5
 6                  IN THE UNITED STATES DISTRICT COURT
 7                      FOR THE DISTRICT OF ARIZONA
 8   Terry Lee Lacy,                )
                                    )
 9              Petitioner,          )
                                    )
10        v.                         )   CV 05-2944 PHX SMM (VAM)
                                    )
11   Darla Elliott, et al.,          )   REPORT AND RECOMMENDATION
                                    )
12              Respondents.         )
```

TO THE HONORABLE STEPHEN M. MCNAMEE, U.S. DISTRICT CHIEF JUDGE.

Terry Lee Lacy ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises four grounds for relief in the petition. (Doc. 1 at pp. 5-8). In lieu of an answer, respondents filed a Motion to Dismiss. (Doc. 12). Petitioner filed a response to the Motion to Dismiss. (Doc. 15).

**BACKGROUND**

In January, 2004, petitioner pleaded guilty in Maricopa County Superior Court to the charge of burglary in the second degree and was sentenced to 6.5 years in prison. (Doc. 1 at p. 1). Petitioner filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P. 32.1 in the trial court on or about January 13, 2004. (Id. at p. 2). Petitioner followed up by filing a petition on February 4, 2005, which the trial court denied on February 11, 2005. (Id.).

On March 25, 2005, petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 12, Attachment at p. 1). The Arizona Court of Appeals denied the petition for review on November 15, 2005. (Doc. 12, Attachment at p. 2). Petitioner attempted to seek review in the Arizona Supreme Court. The Arizona Supreme Court granted petitioner additional time to file a petition for review up to February 22, 2006. (Id.). Although no proof has been provided, petitioner claims he filed the petition for review "on or about January 11, 2006," and that this petition is still pending. (See Doc. 15 at p. 1).

On September 26, 2005, while his state Rule 32 petition was still pending in the Arizona Court of Appeals, petitioner filed a federal habeas corpus petition raising four grounds for relief. (Doc. 1 at pp. 5-8). On January 30, 2006, respondents filed a Motion to Dismiss, or in the alternative a Motion to Stay and Abey the petition. (Doc. 12). Both parties maintain that petitioner still has Rule 32 proceedings pending before the Arizona Supreme Court. Respondents contend petitioner's federal habeas claims are unexhausted and premature. (See Doc. 12 at p. 2).

## DISCUSSION

Based on the information provided by respondents, and petitioner's acknowledgment in his response, it appears petitioner still has ongoing proceedings before the Arizona Supreme Court challenging his guilty plea in this case. Petitioner asks the Court to stay and abey rather than dismiss his federal petition. Upon review, the Court believes dismissal is appropriate.

The stay and abey procedure referenced by the parties was

2

outlined by the U.S. Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). However, unlike this case, Rhines dealt with whether it was appropriate to stay and abey a mixed petition, that is a petition in which some issues were exhausted and others were not exhausted. See Rhines, 125 S.Ct. at 1531 ("We confront here the problem of a "mixed" petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) (also discussing the propriety of staying and abeying a "mixed" petition).

In the case at bar, petitioner's one and only Rule 32 proceeding challenging the validity of his guilty plea is still pending in the Arizona Supreme Court. As a result, all of the issues raised in his federal habeas petition are unexhausted and his petition is not "mixed." Under these circumstances dismissal is appropriate. See 28 U.S.C. § 2254(b)(1) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the state; ..."). Although an Arizona habeas applicant need only present his claim to the Arizona Court of Appeals to fully exhaust state remedies (unless he has been given life imprisonment or a death sentence) petitioner in this case chose to present his claims to the Arizona Supreme Court. Comity requires dismissal. See Rhines, 125 S.Ct. at 1533 (Citing Rose v. Lundy, 455 U.S. 509 (1982) for the proposition that

"[b]ecause it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity. [Citations omitted].  That doctrine teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.").

In this case, petitioner will suffer no prejudice from a dismissal without prejudice because the entire time his Rule 32 has been pending in state court, including the time during which his petition for review is pending before the Arizona Supreme Court, tolls the running of the limitations period.  See 28 U.S.C. § 2244(d)(2).  Petitioner states he filed a Notice of Post-Conviction Relief in the trial court on January 13, 2004, just days after he pleaded guilty to burglary.  (See Doc. 1 at p. 1). Petitioner has had Rule 32 proceedings pending in state court from that time to the present.  As a result, petitioner will have nearly one year from the time the Arizona Supreme Court rules on the petition for review to seek federal habeas relief.

**IT IS THEREFORE RECOMMENDED** that Respondents' Motion to Dismiss (Doc. 12) be granted and that the Petition for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust state remedies.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any

notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment.  The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 11th day of April, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge